| | |
|---|---|
| DISTRICT COURT, COUNTY OF WELD, STATE OF COLORADO<br>901 9th Avenue<br>Greeley, CO 80631 | DATE FILED: January 25, 2021 3:41 PM<br>FILING ID: 4819AF355D69D<br>CASE NUMBER: 2021CV30047 |
| Plaintiff: **TRACY KELLER**<br><br>v.<br><br>Defendants:  **ROGER HOOGLAND, DEBBIE HOOGLAND AND UNITED STATES POSTAL SERVICE** | **COURT USE ONLY** |
| *Counsel for Plaintiff*:<br>Jordan S. Levine, Esq., No. 23877<br>Andrew J. Phillips, Esq., No. 40283<br>Sarah G. Freedman, Esq., No. 48356<br>4500 Cherry Creek Drive South, Suite 400<br>Denver, CO  80246<br>Phone Number: (303) 333-8000<br>Fax Number:     (303) 333-8005<br>Emails:         jordan@levlawllc.com<br>                  andrew@levlawllc.com<br>                  sarah@levlawllc.com<br>                  elizabeth@levlawllc.com | Case Number:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW, Plaintiff, Tracy Keller, by and through her counsel, Levine Law, L.L.C., and for her Complaint and Jury Demand against the Defendants, Roger Hoogland, Debbie Hoogland and United States Postal Service state, aver, and allege as follows:

### INTRODUCTORY ALLEGATIONS

1.  Plaintiff, Tracy Keller, (hereinafter referred to as "Plaintiff" or "Plaintiff Keller"), is an individual and at all times relevant to has a mailing address at P.O. Box 414, Firestone, CO 80520.

2.  Defendant, Roger Hoogland (hereinafter "Defendant R. Hoogland"), is an individual and at all times relevant to has a mailing address at 268 Bernard Court, Fort Lupton, CO 80621.

1

3. Defendant, Debbie Hoogland (hereinafter "Defendant D. Hoogland"), is an individual and at all times relevant to has a mailing address at 268 Bernard Court, Fort Lupton, CO 80621.

4. Defendant, United States Postal Service (herein "Defendant USPS"), is a governmental entity and at all times relevant has a mailing address at 475 L'Enfant Plaza, SW, Washington D.C., 20260-1100.

5. Defendants R. Hoogland and D. Hoogland own and/or owned property located at 478 First Avenue, Firestone, CO 80520.

6. Defendant USPS leases property from Defendants r. Hoogland and D. Hoogland located at 478 First Avenue, Firestone, CO 80520.

7. Defendants reside and/or regularly transact business in the State of Colorado including the County of Weld.

8. Personal jurisdiction is proper in this Court as Defendants reside and/or conduct business in Weld County, Colorado.

9. Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the county court limitation pursuant to the Colorado Revised Statutes.

10. Venue is proper in the County of Weld as Defendants reside and/or conduct business in Weld County, Colorado.

**FACTUAL STATEMENT**

11. Plaintiff incorporates Paragraphs 1 through 10 above as though fully set forth herein.

12. Plaintiff was injured and sustained injuries, damages and losses, which occurred on February 11, 2019 when Plaintiff parked on the North side of the building located at 478 First Street, Firestone, CO 80520, and was walking on the northside walkway when Plaintiff proceeded around the corner of the building, towards the Defendant USPS's entrance, Plaintiff slipped and fell on ice from a gutter leaking above.

13. Defendants' leaking gutter causing ice directly and as a proximate result, or a substantial factor, caused Plaintiff's injuries, damages and losses complained of herein and at trial.

14. Defendants' reckless, negligent, and careless acts, as a proximate result or a substantial factor, caused Plaintiff's injuries, damages and losses.

15. Plaintiff sustained severe injuries, damages and losses, which occurred on February 11, 2019, on the premises owned by Defendants R. Hoogland and D. Hoogland and leased by Defendant USPS from the ice on the walkway.

16. The incident caused injury to Plaintiff including, but not limited to neck, back, left shoulder pain and fractured left elbow.

17. Plaintiff was unaware of the leaking gutter and the ice or the dangerous conditions until she slipped and fell on the ice.

18. At no time prior to this incident, was Plaintiff warned that a potentially unreasonably dangerous condition existed.

19. Defendants knew or should have known of the unreasonably dangerous condition, prior to Plaintiff sustaining injuries.

20. Defendants, through their representatives, agents, contractors, and/or employees failed to use reasonable care to protect Plaintiff against the unreasonably dangerous conditions and this failure was the cause of Plaintiff's injuries and related damages. As stated herein, Defendants breached said duty to the Plaintiff and Defendants are directly and vicariously liable for their actions and inactions.

21. As a direct and proximate result or substantial factor of Defendants' actions and/or omissions, the leaking gutter and the ice caused Plaintiff to slip and fall, which resulted in serious injuries to Plaintiff.

22. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

**FIRST CLAIM FOR RELIEF**
*(Premises Liability - C.R.S. 13-21-115)*

23. Plaintiff incorporates Paragraphs 1 through 20 above as though fully set forth herein.

24. Defendants are "land owners" within the meaning of C.R.S. §13-21-115(1).

25. It was Defendants express representation that the public, including Plaintiff, was requested, expected or intended to enter or remain upon its premises.

26. The time and place of the incident indicated above, Plaintiff was a "business invitee" of Defendants, which on information and belief, had common-law and contractual duties to Plaintiff either directly or indirectly as a third-party beneficiary between Defendants to allow Plaintiff to enter and transact business through a safe and non-hazardous premises. It was

Defendants' express representation that the public was requested, expected or intended to enter or remain upon such premises.

27. At the time and place of the incident indicated above, Defendants, as statutory or actual "landowners" were legally responsible for the condition of the real property, as well as for the activities conducted or circumstances existing on the aforementioned real property within the meaning of C.R.S. Section 13-21-115(1), and Plaintiff was an "invitee," of Defendants as she was a person who entered or remained on or near the premises to transact business in which the parties were mutually interested, within the meaning of C.R.S. Section 13-21-115(c).

28. Defendants are directly or imputably liable to Plaintiff as a "business invitee," for damages and injuries sustained by the Plaintiff and caused by the unreasonable failure to exercise reasonable care to protect against dangers of which were known or should have been known pursuant to C.R.S. Section 13-21-115(3).

29. Defendants violated C.R.S. §13-21-115, which adopts as a legal standard of care local, county, municipal, state and federal standards, are directly or imputably liable to Plaintiff as a business invitee, for damages and injuries she sustained, which were caused by Defendants for the unreasonable failure to exercise reasonable care to protect against dangers of which were known or should have been known pursuant to C.R.S. Section 13-21-115(3).

30. Defendants, as a direct and proximate result or substantial factor in bringing or causing Plaintiff's injuries as described above, are liable for their actions and for Plaintiff's medical care, economic damages including loss of income, and non-economic damages including but not limited to, loss of enjoyment of life, extreme pain and suffering and emotional distress, all in amounts to be proven at trial.

31. Prior to and leading up to the time when Plaintiff was injured, Defendants failed to exercise reasonable care to protect against dangers of which they knew or should have known.

32. Defendants failed to warn individuals, including trespassers, licensees and/or invitees, of the potentially dangerous condition presented by the leaking gutter causing ice on the walkway on the property owned and/or maintained and used by Defendants in, on and around the areas where Plaintiff was injured.

33. Defendants had actual knowledge of the unreasonably dangerous condition and failed to take appropriate abatement measures to protect business invitees from the known dangerous condition on the common area owned and/or maintained and/or used by Defendants where Plaintiff was injured.

34. At the time of the incident and at all other times relevant hereto, Defendants owned and/or controlled and/or leased and/or were responsible for maintenance and/or conducted activities on the common area where Plaintiff was injured.

35. At the time of the incident and at all other times relevant hereto, a condition existed on the premises, which created an unreasonable risk of injury and/or damages to persons such as Plaintiff.

36. As a further direct and proximate result or substantial factor of Defendants' negligence as indicated in the paragraphs above, Plaintiff has suffered loss of enjoyment of life and impairment of the quality of life.

37. As a further direct and proximate result or substantial factor of Defendants' negligence as indicated in the paragraphs above, Plaintiff has been informed and believes that she has suffered permanent impairment and/or permanent disfigurement and/or permanent disability.

38. Due to Defendants' failure to take reasonable steps to protect invitees on its property, Plaintiff suffered injuries, damages and losses.

39. The conduct of Defendants was/were an unreasonable failure to exercise reasonable care to protect against dangers of which they knew or should have known as contemplated by C.R.S. § 13-21-115. As a result of Defendants' negligence, careless conduct, and acts and omissions, Plaintiff has sustained severe injuries. Said injuries are of a permanent nature and which have caused Plaintiff great pain, suffering, discomfort, and emotional distress, and which will continue to cause Plaintiff great pain, suffering, discomfort, and emotional distress.

40. Plaintiff incurred physical injuries including, but not limited to, neck, back, left shoulder pain and fractured left elbow, as well as the loss of ability to enjoy life as she did before the incident and emotional distress.

41. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

42. Plaintiff, at all relevant times, relative hereto, was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

**SECOND CLAIM FOR RELIEF**
**(In the Alternative, if Defendants are Not a "Landowner"**
**Under C.R.S. §13-21-115 Then Negligence as a Matter of Fact)**

43. Plaintiff incorporates Paragraphs 1 through 42 above as though fully set forth herein.

44. Defendants failed to properly maintain the leaking gutter causing ice on the walkway and failed to post signs and acted in a reckless, careless and negligent manner, and did so in such a fashion as to cause Plaintiff to be injured, thereby causing injuries, damages and losses to Plaintiff.

45. Defendants failed to use reasonable care to protect Plaintiff against the unreasonably dangerous conditions, thereby causing injuries, damages and losses to Plaintiff.

46. As a direct, immediate and proximate result of the Defendants' negligent actions and/or omissions, Plaintiff has been damaged.

47. As a direct, immediate and proximate result of Defendants' negligence as stated above, Plaintiff has sustained severe injuries, which said injuries are of a permanent nature and which have caused Plaintiff great pain, suffering, discomfort and emotional distress and which will continue to cause Plaintiff great pain, suffering, discomfort and emotional distress.

48. As a direct, immediate and proximate result of Defendants negligence, Plaintiff has incurred and will continue to incur medical, therapeutic, hospital, and physician expenses.

49. As a direct, immediate and proximate result of Defendants' negligence, Plaintiff has lost the ability to enjoy life as she did before the accident and has lost time.

50. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

51. Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

### **PRAYER FOR RELIEF**

**WHEREFORE**, on account of the matters set forth in the Claims for Relief set forth above, Plaintiff Tracy Keller prays for a judgment in her favor and against Defendants Roger Hoogland, Debbie Hoogland and United States Postal Service, in an amount which will fully compensate her for her injuries and damages in the past, present and future, including for past, present and future medical expenses, for past, present and future pain and suffering, for personal injuries, for emotional distress, for loss of the ability to enjoy life as she did before the accident, permanent physical injuries and for other non-economic damages, for interest on such sums as is provided by law, for expert witness fees, costs and for such other and further relief as to this Court appears proper in the premises.

Respectfully submitted this 25th day of January, 2021.

**LEVINE LAW, LLC**

*/s/ Andrew J. Phillips*_____
Jordan S. Levine, No. 23877
Andrew J. Phillips, No. 40283
Sarah G. Freedman, No. 48356
Elizabeth R. Fisher, No. 51093
***Attorneys for Plaintiff***

Plaintiff's Address:
P.O. Box 414
Firestone, CO 80520

7